# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS LAMONT COFFEE,<br><br>                Petitioner,<br><br>   v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                Respondent. | ) 1:13-cv—00141-BAM-HC<br>)<br>) ORDER DISMISSING PETITION FOR<br>) WRIT OF HABEAS CORPUS FOR LACK OF<br>) SUBJECT MATTER JURISDICTION AND<br>) FAILURE TO STATE A COGNIZABLE<br>) CLAIM<br>) (DOC. 1)<br>)<br>) ORDER DECLINING TO ISSUE A<br>) CERTIFICATE OF APPEALABILITY AND<br>) DIRECTING THE CLERK TO CLOSE THE<br>) CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on February 8, 2013 (doc. 4).  Pending before the Court is the petition, which was filed on January 30, 2013.

I.   <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440

F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Fresno County Jail (FCJ). Petitioner does not identify the sentence he is presently serving or otherwise set forth facts concerning the basis of his present confinement in the FCJ. However, Petitioner challenges a conviction of forcible oral copulation in violation of Cal. Pen. Code § 288 that it appears that Petitioner suffered in Madera County on or about May 3, 1989, which resulted in a six-year sentence. (Pet., doc. 1, 1-2.) Petitioner states that he expects to be released in April 1992. (Id. at 2.) Petitioner states that he appealed from the prior conviction or sentence, and the judgment was affirmed in the Court of Appeal. Petitioner did not seek review in the California Supreme Court. (Id. at 6.) Petitioner further explains that the information was newly discovered in the course of defending a present case in which the prior conviction is alleged as a "strike." (Id. at 6.)

Petitioner challenges the prior conviction on the ground that he suffered an unconstitutional arrest in his home in December 1988, which was followed by interrogation and collection of evidence. Petitioner also complains that his Sixth Amendment right to counsel at a critical phase of the litigation was violated because his counsel failed to challenge the illegal arrest; Petitioner ended up pleading guilty upon his counsel's recommendation in order to avoid twenty or thirty years in prison. (Id. at 5.)

II. Absence of Subject Matter Jurisdiction

Habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that

3

the custody violates the Constitution, laws, or treaties of the

United States. 28 U.S.C. § 2254. The "in custody" requirement

for a habeas petition pursuant to § 2254(a) is jurisdictional and

thus is the first question a habeas court must consider. Bailey

v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The requirement has

two aspects: 1) the petitioner must be in custody at the time the

petition is filed, and 2) the custody must be under the

conviction or sentence under attack at the time the petition is

filed. Id.

"Custody" includes physical imprisonment as well as other

significant or severe restraints on liberty, but it does not

include mere collateral consequences of a conviction. Id. at

978-80. It is established that the imposition of a fine or

liability under a restitution order is not sufficient in itself

to meet the jurisdictional requirements of § 2254. Id. at 979

(quoting Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir.

1998)).

Further, it is established that at the time a petition is

filed, a petitioner must be in custody with respect to the

conviction he attacks; once a sentence is fully served, even if

the conviction may affect the length or conditions of a sentence

to be imposed in the future, the prisoner is not "in custody"

within the meaning of 28 U.S.C. §§ 2241(c) or 2254(a). Maleng v.

Cook, 490 U.S. 488, 490-492 (1989). Where an inmate's sentence

has fully expired but it is possible that the underlying prior

conviction might possibly be used to enhance sentences imposed

for any subsequent crimes of which the inmate is convicted, the

mere possibility of future use is insufficient because the inmate

4

suffers no present restraint because of the conviction.  Id. at 491-92.

Further, although custody is present where an inmate is serving a sentence that has been enhanced by an expired prior conviction, for policy reasons a prisoner may not challenge a prior conviction used to enhance a current sentence unless in the proceeding resulting in the prior conviction there was a failure to appoint counsel in violation of Gideon v. Wainwright, 372 U.S. 335 (1963).  Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).  Where the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or pursued them unsuccessfully, relief by way of 28 U.S.C. § 2254 is unavailable.  Id.  This is because of the need for finality of convictions and other concerns related to the administration of justice based on the substantially diminishing likelihood that state court records and transcripts of prior convictions will be retained and will remain accessible for review.  Id.

Here, it appears that Petitioner completed service of his sentence on the prior conviction or has been released from that sentence, which Petitioner indicates expired in April 1992. Therefore, Petitioner is not in custody with respect to the prior conviction.[1]

It is unclear whether Petitioner is currently serving a

_____

[1] The Court further notes that Petitioner does not name a Respondent who has custody of Petitioner, and he has affirmatively alleged that he failed to raise his claims before the California Supreme Court.  (Pet. at 6.)

sentence that has been enhanced by the prior conviction; it is
possible that Petitioner is serving such a sentence, or is in the
pretrial stage of a criminal proceeding in which the prior
conviction is alleged as part of a charge or a sentencing
enhancement.

Nevertheless, even if it were assumed that Petitioner is
currently already serving a sentence which has been enhanced by
the prior conviction, Petitioner would not be entitled to relief
in this proceeding pursuant to 28 U.S.C. § 2254 unless there was
a failure to appoint counsel for Petitioner.  However, it is
clear that Petitioner was appointed counsel in the proceedings
that resulted in his guilty plea to the forcible oral copulation
charge.  This is because Petitioner affirmatively alleges that
his counsel failed to challenge the illegality of the arrest and
related proceedings which Petitioner now seeks to raise.  (Pet.
at 5.)  Therefore, Petitioner does not appear to be entitled to
raise the alleged unconstitutionality of his prior conviction
based on an objection to the underlying arrest.  Lackawanna
County Dist. Attorney v. Coss, 532 U.S. at 404.

Accordingly, the Court concludes on the basis of the facts
alleged in the petition that because Petitioner is not "in
custody" within the meaning of 28 U.S.C. § 2254(a), the Court
lacks subject matter jurisdiction over the petition.

A court will not infer allegations supporting federal
jurisdiction; a federal court is presumed to lack jurisdiction in
a particular case unless the contrary affirmatively appears, and
thus federal subject matter jurisdiction must always be
affirmatively alleged.  Fed. R. Civ. P. 8(a); Stock West, Inc. v.

6

1  Confederated Tribes of the Colville Reservation, 873 F.2d 1221,

2  1225 (9th Cir. 1989).  When a federal court concludes that it

3  lacks subject matter jurisdiction, the court must dismiss the

4  action.  Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v.

5  Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir.

6  2011).

7      Here, Petitioner has failed to allege facts showing

8  jurisdiction in this Court.  Because Petitioner's claim

9  concerning his prior conviction is foreclosed from review in this

10 proceeding pursuant to § 2254, Petitioner could not allege a

11 tenable claim even if leave to amend were granted.

12     Accordingly, it will be ordered that the petition be

13 dismissed for lack of subject matter jurisdiction.

14     III.  Certificate of Appealability

15     Unless a circuit justice or judge issues a certificate of

16 appealability, an appeal may not be taken to the Court of Appeals

17 from the final order in a habeas proceeding in which the

18 detention complained of arises out of process issued by a state

19 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

20 U.S. 322, 336 (2003).  A certificate of appealability may issue

21 only if the applicant makes a substantial showing of the denial

22 of a constitutional right.  § 2253(c)(2).  Under this standard, a

23 petitioner must show that reasonable jurists could debate whether

24 the petition should have been resolved in a different manner or

25 that the issues presented were adequate to deserve encouragement

26 to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336

27 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A

28 certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Thus, the Court will decline to issue a certificate of appealability.

IV.  Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

2) The Court DECLINES to issue a certificate of appealability; and

1        3) The Clerk is DIRECTED to close the action because this

2    order of dismissal terminates the action in its entirety.

3        IT IS SO ORDERED.

4    **Dated:**    **February 11, 2013**         **/s/ Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE